# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ADAM SMITH (#70741)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                        **25-106-SDD-SDJ**

**SHERYL M. RANATZA**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 16, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ADAM SMITH (#70741)**                                                         **CIVIL ACTION NO.**

**VERSUS**                                                                          **25-106-SDD-SDJ**

**SHERYL M. RANATZA**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Plaintiff Adam Smith, who is representing himself and who is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[1]  Based on the screening required under 28 U.S.C. § 1915A, and allowed by § 1915(e), it is recommended that the Court decline to exercise supplemental jurisdiction over potential state law claims, that all of Smith's federal claims be dismissed, and that this case be closed.

### I.  BACKGROUND

On or about, February 4, 2025, Smith filed this suit under 42 U.S.C § 1983, alleging that the parole procedures used in his parole proceedings violate the constitution.[2]  Smith seeks injunctive relief.[3]

### II.  LAW & ANALYSIS

#### A.  Standard of Review

This Court may dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4]  The

---

[1] R. Doc. 1. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 1, p. 4.

[3] R. Doc. 1, p. 6.

[4] 28 U.S.C. §1915(e) authorizes dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was allowed to file suit as a pauper, *i.e.,* without prepaying the filing fee ("IFP"). 28 U.S.C. §1915A authorizes

screening process gives the court the ability early in the case to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered. Smith has sued a government official, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[5]  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim(s).[9]

---

dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Smith was granted IFP status on February 19, 2025, so both statutes apply.  R. Doc. 3.

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6)).

[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).

### B.  Smith's Request to be "Set Free" Cannot be Granted in this Action

Smith's request to be released is a request for release from confinement and is not cognizable under § 1983.[10] Requests for release are only proper in a *habeas corpus* action.[11] Accordingly, the request for injunctive relief, which is the only request in this action, must be dismissed.

### C.  The Claim is Otherwise without Merit

To the extent Smith alleges that the lack of special parole procedures for juvenile offenders violates due process, his claim would fare no better. It is well-settled that Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause,[12] and in the absence of such a liberty interest, a due process challenge to Parole Board procedures must fail.[13] Nor does Louisiana law create a special board for juvenile offenders.[14] Accordingly, Smith's claim that he

---

[10] *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))).

[11] Though in some instances it may be proper to construe a § 1983 case as one brought under § 2254, the Court will not do so because Smith does not allege that he exhausted state court remedies before proceeding to this Court, nor does it appear he did so after a review of cases on Westlaw. *See Walker v. Miss. Parole Bd.*, 333 Fed.Appx. 843 (5th Cir. 2009) (district court's refusal to construe § 1983 action as a habeas was appropriate because the prisoner failed to exhaust state remedies).

[12] *Stevenson v. Louisiana Board of Parole,* 265 F.3d 1060 (5th Cir.2001).

[13] *Id.* (holding that where a state does not create a protected liberty interest in parole, inmates "are not entitled to challenge the procedures employed during their parole hearing under Due Process Clause"). *See also Hughes v. Owens,* 320 Fed.Appx. 271 (5th Cir.2009) (same); *Johnson v. Rodriguez,* 110 F.3d 299 (5th Cir.), *cert. denied,* 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997) (same); *Orellana v. Kyle,* 65 F.3d 29 (5th Cir.1995), *cert. denied,* 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996) (same).

[14] The Court has not uncovered any support for the notion that juvenile offenders are entitled to a special parole board. Rather, La. R.S.§ 15:574.4(G) only gives the following guidance on parole hearings for individuals whose indictment for the offense which they are charged was prior to August 1, 2017, which appears to be the case here, as Smith notes he was resentenced to be eligible for parole in 2012 (R. Doc. 1, p. 4): "For each offender eligible for parole consideration pursuant to the provisions of this Subsection, the board shall meet in a three-member panel, and each member of the panel shall be provided with and shall consider a written evaluation of the offender by a person who has expertise in adolescent brain development and behavior and any other relevant evidence pertaining to the offender." This does not designate a special board for juvenile offenders, nor does any other provision of Louisiana law; instead, La. R.S. § 15:572, *et seq.* only speaks of one board for all parole proceedings.

was put before the regular parole board rather than some special board for juvenile offenders does not state a claim that is cognizable in this Court.

Smith also asserts he has been discriminated against as a juvenile offender,[15] and in doing so he invokes the provisions of the Equal Protection Clause of the United States Constitution. In order to state an equal protection claim, however, the plaintiff's allegations must satisfy two requirements, (1) "that he received treatment different from that received by similarly situated individuals" and (2) "that the unequal treatment stemmed from a discriminatory intent."[16] Smith cannot meet these requirements.

As for the first requirement, Smith has not even alleged that he is treated differently than similarly situated individuals, and it does not appear that he could because, as noted above, Louisiana law does not provide for any juvenile offenders to be put before a special board. As to the second requirement, discriminatory purpose in an equal protection context "implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse impact on an identifiable group."[17] Smith has alleged the opposite—he has alleged that he, as a juvenile offender, has been subjected to the same treatment as adult offenders. One cannot state an equal protection claim for being treated the *same* as another group of people—that is the antithesis of discrimination. Accordingly, even if Smith had requested relief cognizable in this action, he could not state a claim, and his claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e) and § 1915A.

---

[15] R. Doc. 1, p. 4.

[16] *Taylor v. Johnson,* 257 F.3d 470 (5th Cir.2001).

[17] *Id..*

4

### D. Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Smith's allegations may be interpreted as an attempt to request that this Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[18]  Having recommended dismissal of all Smith's federal claims, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims.

### III.    Recommendation

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction be declined and that this action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A as legally frivolous and for failure to state a claim and that this case be **CLOSED**.[19]

Signed in Baton Rouge, Louisiana, on March 16, 2026.



_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] 28 U.S.C. § 1367.

[19] Smith is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Should this Recommendation be adopted, the dismissal will count as a strike.